| | |
|---|---|
| CASIM NOBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **DEFENDANTS' MEMORANDUM** |
| TOSHIBA GLOBAL COMMERCE | ) **IN SUPPORT OF DEFENDANTS'** |
| SOLUTIONS, INC., STEVEN MENSCH, | ) **MOTION TO DISMISS** |
| JAMES FORNABAIO, MICHAEL | ) **PLAINTIFF'S COMPLAINT** |
| GLENDENNING, SCOTT ENKE, | ) |
| PATRICK TARRY, AMANDA | ) |
| STEVENS, and BOB HUNSINGER, | ) |
| | ) |
| Defendants. | ) |

Defendants Toshiba Global Commerce Solutions, Inc. ("TGCS"), Steven Mensch,

James Fornabaio, Michael Glendenning, Scott Enke, Patrick Tarry, Amanda Stevens, and

Bob Hunsinger ("Individual Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure, and Local Civil Rules 7.1 - 7.3, hereby submit this Memorandum of

Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint filed by Plaintiff

Casim Noble ("Plaintiff").

**NATURE OF THE CASE**

Plaintiff, a current employee of TGCS, filed this employment lawsuit contending

that (1) TGCS violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §

1981 ("Section 1981"), and N.C.G.S. § 143-422.2 by discriminating against his Black and

Native American heritage/race; and (2) that his co-worker Individual Defendants

1

committed defamation, fraud, civil conspiracy, and "supervisory liability" while working for TGCS. (D.E. 1).

Defendants move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) because this lawsuit is barred by fundamental employment law concepts: (1) Plaintiff cannot pursue workplace grievances under Title VII where he failed to first timely present the concern to the U.S. Equal Employment Opportunity Commission ("EEOC") nor filed a Title VII lawsuit within 90 days of the EEOC issuance of its Determination and Notice of Rights; (2) Plaintiff's Title VII and Section 1981 claims fail to identify any legally sufficient adverse action to support any legal claim; and (3) North Carolina black letter law bars the various alleged state law violations.

### SUMMARY OF RELEVANT ALLEGATIONS[1]

Plaintiff's lawsuit describes common workplace discussions and disagreements that he allegedly experienced from 2019 through 2024. He colorfully mischaracterizes these workplace incidents as racial discrimination, illegal retaliation, defamation, fraud, and/or conspiracy without satisfying the necessary requirements for presenting these claims. All the Plaintiff's allegations describe conduct that: (i) is not recognized under the law as a basis for recovery; and/or (ii) is barred under Title VII for failure to timely present the alleged concern to the EEOC and/or pursue legal action within 90 days of the EEOC determination.

---

[1] While Defendants dispute many of Plaintiff's substantive factual allegations, it is understood that, for purposes of this Motion, the Court assumes the truth of well-pleaded factual allegations in evaluating a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

### A. Plaintiff's Two EEOC Charges.

Plaintiff filed two separate Charges of Discrimination with the EEOC: (1) charge number 433-2023-03633 on September 11, 2023, and (2) charge number 433-2024-00954 on January 18, 2024, which he amended on March 8, May 6, and July 14, 2024. These two charges (as amended) define the exclusive scope of what actions may be lawfully challenged under Title VII. The EEOC dismissed the first charge on November 5, 2023. Plaintiff did not file a Title VII lawsuit within 90 days of the EEOC dismissal and forfeited the right to pursue those allegations in a Title VII lawsuit. The EEOC dismissed the second charge on September 20, 2024. Plaintiff filed this Title VII lawsuit on the 90th day after the EEOC's dismissal of the second charge. (D.E. 1, ¶¶ 21-22). *See Exhibits 1 and 2, the first and second charges and EEOC dismissals.*[2]

As explained in Argument Section I of this brief, Plaintiff may only seek recovery under Title VII for incidents occurring <u>after</u> July 22, 2023[3] ("Title VII Cutoff Date") and that he presented to the EEOC in the second charge. The allegations relating to incidents

---

[2] This Court may consider Plaintiff's EEOC Charges and EEOC dismissals attached hereto as Exhibits 1 and 2 without converting this motion into one for summary judgment because they are referenced and integral to the Complaint and is an undisputed government record. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. *Goines v. Valley Cmty Servs. Bd*, 822 F.3d 159 at 166 (4th Cir. 2016). "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached ..., the exhibit prevails." *Id.* (quotation omitted); *see Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991). Additionally, a court may take judicial notice of public records. *See, e.g.*, Fed. R. Evid. 201; *Tellabs, Inc. v. Makor Issues & Rts., Ltd.,* 551 U.S. 308, 322 (2007); *Philips v. Pitt Cnty, Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[3] July 22, 2023 is 180 days prior to the date Plaintiff submitted his second EEOC charge.

alleged to have occurred prior to the Title VII Cutoff Date are barred by the applicable statute of limitations under Title VII. Additionally, allegations not presented to the EEOC cannot form any basis for a Title VII recovery.

**B.     Plaintiff's Concerns Relate to Workplace Events Legally Incapable of Supporting the Legal Claims Asserted.**

Plaintiff does not identify any tangible harm he suffered. There has been no loss of employment, no loss of income, no loss of employment benefits, much less even a single lost day of work. The Complaint fails to identify any "adverse action" legally required to support his claims under Title VII and Section 1981. The Complaint consists of nothing more than an annotated rebuttal to his employment appraisals. Plaintiff's allegations fail to support any legal claim whatsoever as a matter of law.

For example, Plaintiff complains about the following purported events[4]:

**Allegations Before the Title VII Cutoff Date**

- a December 2019 dispute with a co-worker where Plaintiff pursued a criminal law remedy against his work colleague (Compl., ¶ 270-279) [5]

- an alleged change in his title in 2021 (Compl., ¶ 26-39)

- alleged report of Plaintiff for "corporate espionage" to Human Resources in August 2022 (Compl., ¶ 425)

- not being included in a training exercise in October 2022 and "falsification" of a document indicating he attended the exercise (Compl., ¶ 40-48)

---

[4] Dates of the alleged incidents are included in this summary because Defendant's motion presents statute of limitations defenses under Title VII and defamation law.
[5] The Complaint (D.E.1) is lengthy. To assist the Court to easily locate the allegations discussed, the Complaint paragraphs are cited herein by reference to "Compl." and the relevant paragraph by reference to "¶ number."

4

- November 2022 alleged assignment of workplace responsibilities (Compl., ¶ 58-70)

- December 2022 alleged failure to be acknowledged as the developer of a particular work project (Compl., ¶ 281-287)

- April 2023 alleged exclusion from a work project (Compl., ¶ 293-298)

- April 2023 concealment of "process gaps" Plaintiff allegedly discovered (Compl., ¶ 293-298)

- April 2023 disagreement with his managers over his work assignments, business goals, and his performance rating (Compl., ¶ 71-118)

- June 2023 disagreement with his managers over whose name would appear on a TGCS PowerPoint presentation (Compl., ¶¶ 119-123)

**Allegations After the Title VII Cutoff Date**

- September 2023 disagreement with a written final warning (Compl., ¶ 140-183, 322-343)

- November 2023 disagreement with alleged verbal reprimand and alleged report of Plaintiff's behavior (Compl., ¶ 193-201, 429)

- December 12, 2023 disagreement with performance review and identification of Plaintiff's performance behaviors (Compl., ¶ 204-225, 344-350)

- March 22, 2024 alleged false written statements made to the EEOC by TGCS in response to the EEOC investigation of Plaintiff's charges (Compl. ¶ 351-373)

- April 23, 2024 disagreement with year-end performance review (Compl. ¶ 229-245)

- May 23 and June 13, 2024 alleged false written statements made to the EEOC by TGCS in response to EEOC investigation of Plaintiff's charges (Compl., ¶ 374-396, 415-419)

- June 13, 2024 disagreement with performance improvement plan (Compl., ¶ 249-267)

5

- July 9, 2024 displeased with work recognition during a mid-year review (Compl., ¶ 432-445)

- August 22, 2024 alleged false written statements made to the EEOC by TGCS in response to EEOC investigation of Plaintiff's charges (Compl., ¶ 397-414)

- December 13, 2024 alleged exclusion from a work project (Compl., ¶ 446-449)

## QUESTION PRESENTED

Do all Plaintiff's legal claims fail as a matter of law because the Complaint fails to state a claim upon which relief may be granted?

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a court must dismiss a complaint if it does not allege enough facts to state a claim to relief that is plausible on its face. *Giarrato v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, the court is not bound to follow

---

[6] Plaintiff's last amended his EEOC to identify alleged concerns on July 14, 2024. *See attached Exhibit 2.*

the legal conclusions offered in the complaint nor to "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarrato*, 521 F.3d at 302. A complaint that shows relief to be barred by an affirmative defense, should be dismissed pursuant to a Rule 12(b)(6) motion when the facts surrounding the defense are clear from the complaint. *Megaro v. McCollum,* 66 F.4th 151, 157 (4th Cir. 2023) (internal citation omitted).

## ARGUMENT

**I.     Plaintiff's Untimely Title VII Allegations and all Title VII Allegations not Presented to the EEOC Should be Dismissed.**

   A.     <u>Title VII Requires Timely Filing of an EEOC Charge and Timely Initiation of a Lawsuit After EEOC Dismissal.</u>

Title VII's statutory enforcement provisions require filing a charge with the EEOC within 180 days of an alleged discriminatory act by an employer. 42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Accordingly, a plaintiff's failure to file a timely charge with the EEOC warrants dismissal of Title VII claims. *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994). After exhausting administrative remedies with the EEOC, a claimant has only 90 days to commence a civil action asserting Title VII claims. 42 U.S.C. § 2000e-5(f)(1). This strict time limit is "akin to a statute of limitations." *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 513 n.5 (4th Cir. 2005); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 653-54 (4th Cir. 1987) (affirming dismissal where the plaintiff filed suit 91 days after receipt of the right to sue letter).

B.    <u>All Allegations Relating to Conduct Occurring Prior to July 22, 2023 Should be Dismissed as a Matter of Law.</u>

Plaintiff filed his first EEOC charge on September 11, 2023. The EEOC issued a Notice of Right to Sue on November 5, 2023. Plaintiff did not file a lawsuit within 90 days. Therefore, Plaintiff may not seek Title VII recovery for the concerns presented in his first EEOC charge.

Plaintiff filed a second EEOC charge on January 18, 2024 and ultimately filed this lawsuit based upon the second charge on the 90th day after EEOC dismissal of the second charge. July 22, 2023, is the 180th day before the date Plaintiff filed the 2nd EEOC Charge ("Title VII Cutoff Date"). The Title VII Cutoff Date is the earliest date Plaintiff may use to support his Title VII claims. Any allegations prior to the Title VII Cutoff Date should be dismissed under Title VII.

Therefore, the following untimely alleged incidents provide no support to Plaintiff's Title VII claims and should be dismissed:

- a December 2019 dispute with a co-worker where Plaintiff pursued a criminal law remedy against his work colleague (Compl., ¶ 270-279)

- an alleged change in his title in 2021 (Compl., ¶ 26-39)

- alleged report of Plaintiff for "corporate espionage" to Human Resources in August 2022 (Compl., ¶ 425)

- not being included in a training exercise in October 2022 and "falsification" of a document indicating he attended the exercise (Compl., ¶ 40-48)

- November 2022 alleged assignment of workplace responsibilities (Compl., ¶ 58-70)

- December 2022 alleged failure to be acknowledged as the developer of a particular work project (Compl., ¶ 281-287)

- April 2023 alleged exclusion from a work project (Compl., ¶ 293-298)

- April 2023 concealment of "process gaps" Plaintiff allegedly discovered (Compl., ¶ 293-298)

- April 2023 disagreement with his managers over his work assignments, business goals, and his performance rating (Compl., ¶ 71-118)

- June 2023 disagreement with his managers over whose name would appear on a TGCS PowerPoint presentation (Compl., ¶¶ 119-123)

C.    All Allegations Relating to Conduct Occurring After May 6, 2024 Should be Dismissed as a Matter of Law.

An EEOC charge "frames the scope of future litigation." *Chacko,* 429 F.3d at 505. If "the claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995); *see also Bryant v. Bell Atl. Md., Inc*, 288 F.3d 124, 132 (4th Cir. 2002). Consequently, "[t]he allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996). At the same time, however, lawyers do not typically complete the administrative charges, and so courts construe them liberally. *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir.1988). An EEOC charge that alleges one or more discrete discriminatory acts is considered insufficient to support a suit where the plaintiff subsequently alleges a broader pattern of misconduct. *Chacko,* 429 F.3d at 509; *see also Massenburg v. Innovative Talent Sols., Inc.,* No. 5:16-CV-957-D, 2019

9

WL 441172, at *12 (E.D.N.C. Feb. 4, 2019), *aff'd,* 779 F. App'x 174 (4th Cir. 2019) (holding "a claim exceeds the scope of an EEOC charge if the claim references different actors, different violations, or different time frames than those listed in the EEOC charge.") (citations omitted).

*Chacko v. Patuxent Inst.*, illustrates these fundamental rules. There, the Fourth Circuit reversed a jury verdict and granted judgment for the employer. Mr. Chacko brought suit under Title VII for national-origin discrimination. His EEOC charges alleged harassment involving specific acts at specific times. The court ruled that other acts of harassment not presented to the EEOC, but which he presented evidence concerning at trial, could not support his Title VII claims. *Id.,* 429 F.3d 505 (4th Cir. 2005).

As in *Chacko*, Plaintiff Noble's EEOC charge and amendments concern specific acts at specific times. In the second EEOC charge, he complained to the EEOC about his September 2023 disagreement with a written final warning, his November 2023 disagreement with a reprimand, his December 2023 disagreement with his performance review, and his June 2024 performance improvement plan. *See Exhibit 2, pp. 12-14.* A reasonable investigation of these discrete incidents by the EEOC would not be expected to lead to Plaintiff's new subsequent allegations presented in this lawsuit involving discrete work incidents in July and December 2024. Plaintiff **never** presented concerns to the EEOC about his July 9, 2024 work recognition during a mid-year review, or his December 13, 2024 alleged exclusion from a work project. Plaintiff's failure to present those concerns to the EEOC bars him from pursuing them under Title VII in this lawsuit. *See Newby v. Whitman*, 340 F. Supp. 2d 637, 649 (M.D.N.C. 2004) (dismissing the plaintiff's

10

discrimination claims alleging conduct that occurred *after* plaintiff filed his EEOC charge that the plaintiff never alleged with a complaint to the EEOC, but later alleged in the plaintiff's lawsuit). Therefore, all of Plaintiff's allegations of conduct not presented to the EEOC can provide no relief under Title VII as a matter of law and should be dismissed.

D. <u>Plaintiff's Native American "Mixed Race" Discrimination Claim Impermissibly Exceeds the Scope of the Second EEOC Charge and Should be Dismissed as a Matter of Law.</u>

For the same reasons expressed above, Plaintiff's claim for racial discrimination based on his Native American and "mixed-race" status must be dismissed because his second EEOC Charge does not allege discrimination against that status. (D.E. 1, ¶ 450); (*See* Exhibit 2). The Plaintiff's EEOC charge only identifies the grounds for his race discrimination allegation to be "Black." *Id.* As a consequence, Plaintiff's allegation of discrimination based on his Native American "mixed race" status should be dismissed as a matter of law.

**II. All the Title VII and Section 1981 Claims Fail due to the Lack of any Legally Sufficient Adverse Action and should be dismissed**.

Title VII and Section 1981 claims may only challenge legally sufficient adverse employment actions. *Hairston v. Barnes*, No. 1:15CV1100, 2019 WL 13549655, at \*5 (M.D.N.C. Mar. 15, 2019) (citing *Hooper v. State of Md., Dept. of Human Res.,* No. 94-1067, 1995 WL 8043, at \*3 (4th Cir. 1995)). An adverse employment action must "adversely affect[ ] the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Washington Homes, Inc*., 487 F.3d 208, 219 (4th Cir. 2007) (quotation omitted); *see Adams v. Anne Arundel Cty. Pub. Schs*., 789 F.3d 422, 429-30 (4th Cir. 2015); *James*

11

*v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375-76 (4th Cir. 2004). Typical examples of adverse employment actions include "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility…."*Boone v. Goldin*, 178 F.3d 253, 255-56 (4th Cir. 1999); *see Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981) (*en banc*). A plaintiff's mere perception of an adverse employment action does "not create adverse employment action." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371 at 375 (4th Cir. 2004). *See, e.g., Blount v. Ajinomoto Health & Nutrition*, No. 5:20-CV-00356-FL, 2020 WL 6439167, at *3 (E.D.N.C. Aug. 14, 2020), report and recommendation adopted, No. 5:20-CV-356-FL, 2020 WL 5231489 (E.D.N.C. Sept. 2, 2020) (dismissing claim where that plaintiff did not "allege[ ] that the write up led to any major change in his employment or that [the employer] took any specific action after writing him up"). As explained immediately below, none of the conduct Plaintiff complains about implicates a legally sufficient adverse action to support his federal discrimination claims.

A. <u>Performance Reviews, Disciplinary Reports, And Performance Warnings Are Not Adverse Employment Actions.</u>

An adverse employment action requires the Plaintiff to suffer "some harm respecting an identifiable term or condition of employment." *Batchelor v. City of Wilson*, 23-cv-00623, 2024 WL 4044339, at *13 (E.D.N.C. Sept. 4, 2024) (citing *Muldrow v. City of St. Louis, Missouri,* 601 U.S. 346, 355 (quotation omitted)). As this Court has held, "[a] merely 'conjectural' argument about how an evaluation or warning harmed Plaintiff is insufficient." *Wilson v. UNC Health Care Sys.,* No. 1:19CV1169, 2020 WL 5764368, at *7 (M.D.N.C. Sept. 28, 2020). This longstanding principle aligns with the Supreme Court's

12

holding in *Muldrow.* A "warning letter do[es] not qualify as 'adverse action' because [it does] not affect the terms, conditions, or benefits of Plaintiff's employment". *Varn v. Dep't of Army,* No. 5:05-CV-226-BO (1), 2006 WL 4662603, at *6 n.23 (E.D.N.C. Mar. 31, 2006), *aff'd sub nom. Varn v. Dep't of Army,* 211 F. App'x 197 (4th Cir. 2006); *see also Boney v. Trs. Of Cape Fear Cmy. College,* 366 F. Supp. 3d 756, 764 (E.D.N.C. 2019) ("A formal written reprimand for insufficient performance, without more, does not amount to an adverse employment action"). It is well settled that a "negative performance review or a performance improvement plan alone will not constitute materially adverse action." *Michael v. Va. Commonwealth Univ.*, No. 3:18-cv-125-JAG, 2019 WL 128236 at *4 (E.D. Va. Jan. 8 2019); *see also Harris v. Herring*, No. 3:20-cv-96, 2021 WL 100651, at *7 (E.D. Va. Jan. 12, 2021) ("[C]ourts in this circuit have repeatedly held that proposed termination[s], reprimands, performance improvement plans, and negative performance evaluations do not constitute materially adverse action.").

Plaintiff's concerns about performance reviews, disciplinary reports, and warnings do not implicate adverse employment actions. There is no harm to an "identifiable term or condition of employment." *See Batchelor*, 23-cv-00623, at *14-15 (dismissing plaintiff's discrimination claim for failure to allege an adverse action). Plaintiff remains employed by TGCS today in the same role he has held for many years. He continues to be compensated and receives employee benefits.

13

B. <u>Exclusions From Work Activities, Events, and Task Assignments are not Adverse Actions.</u>

Exclusion from work activities or task assignments does not constitute an adverse employment action as a matter of law. *New v. Thermo Fisher Sci., Inc.*, No. 1:19CV807, 2022 WL 787954, at *14 (M.D.N.C. Mar. 15, 2022) (internal citation omitted) ("rejecting a discrimination claim based on exclusion from "important meetings" because it "lack[ed] specificity" and "fail[ed] further to substantiate how the alleged exclusions, whatever they might have been, adversely affected [the plaintiff]."). Plaintiff's disagreements over work assignments, business goals, and business strategy do not amount to an adverse employment action. Plaintiff has not provided sufficient facts to support his claims that he was, in fact: (i) excluded from one or more meetings; (ii) prohibited from specialized training; and (iii) not given credit for work he performed. Even if Plaintiff can show these events happened, Plaintiff has not provided sufficient support to show the events adversely impacted his employment. As a result, these allegations are insufficient to support his Title VII and Section 1981 claims and should be dismissed as a matter of law.

C. <u>Employer Statements to the EEOC are not Adverse Actions and Plaintiff's allegations to the contrary should be dismissed as a Matter of Law.</u>

Plaintiff may contend that TGCS' written submissions to the EEOC support his unlawful discrimination claims. As with the other conduct complained of, these allegations fail to identify any adverse employment action to support his Title VII and Section 1981 claims. Simply put, statements in an employer's EEOC submission to the EEOC as part of its investigation are not an adverse employment action. *See Paugh v. Lockheed Martin Corp.*, 474 F. Supp. 3d 861, 864-65 (W.D. Tex. 2020) (dismissing plaintiff's

14

discrimination claims alleging statements in position statement were adverse actions "because [employer's] alleged false or misleading statements to the EEOC are not legally actionable adverse employment actions, [plaintiff] fails to state a claim for discrimination and retaliation arising from [employer's] EEOC position statement.").

## III. N.C.G.S. § 143-422.2 ("Legislative Declaration") Provides No Cause of Action.

Plaintiff seeks relief under the North Carolina Equal Employment Practices Act ("NCEEPA") for alleged race discrimination. (D.E. 1, ¶ 455). This claim fails because there is no private cause of action for discrimination under the NCEEPA. *McLean v. Patten Cmtys., Inc.*, 332 F.3d 714, 719 (4th Cir. 2003) ("there is no private right of action under North Carolina law under § 143-422.2").

## IV. Plaintiff's Defamation Claims should be dismissed as a Matter of Law.

### A. The One Year Statute of Limitations Applies.

The statute of limitations ("SOL") for a defamation claim in North Carolina is one year. N.C.G.S. § 1-54. The plaintiff filed this lawsuit on December 19, 2024. (D.E. 1). Thus, Plaintiff may not recover for any alleged defamation occurring before December 19, 2023. N.C.G.S. § 1-54. The statute of limitations bars recovery for all the alleged "defamatory" statements Plaintiff alleged by co-workers in connection with his performance evaluations or reported internally about him prior to December 19, 2023. Indeed, the only alleged defamatory conduct not barred by the one year limitation involves his disagreement with TGCS information provided to the EEOC and Plaintiff's alleged performance review on April 23, 2024, as set forth in Plaintiff's Complaint paragraphs 229-245.

15

B.  <u>The Complaint Fails to Allege the Required Elements and should be dismissed as a Matter of Law.</u>

A defamation claim requires proof of four elements: (1) a false and defamatory statement; (2) of or concerning the plaintiff; (3) which was published to a third person; (4) causing injury to the plaintiff's reputation. *Tyson v. L'Eggs Products, Inc.,* 84 N.C. App. 1, 10-11, 351 S.E.2d 834, 840 (1987). Since the nature, content, and context of a statement are critical in evaluating the viability of a defamation claim, North Carolina courts require plaintiffs to "recount the allegedly defamatory statement either verbatim or at least with enough specificity to allow the Court to decide if the statement is defamatory." *Jolly v. Academy Collection Serv., Inc.*, 400 F. Supp. 2d 851, 861 (M.D.N.C. 2005).

### *i.*     *Statements of Opinion are not Defamatory.*

"If a statement 'cannot "reasonably [be] interpreted as stating actual facts" about an individual[,]' it cannot be the subject of a defamation suit." *Chandler v. Forsyth Tech. Cmty. Coll.,* No. 1:15CV337, 2016 WL 4435227, at *18 (M.D.N.C. Aug. 19, 2016) (quoting *Daniels v. Metro Magazine Holding Co., L.L.C.*, 179 N.C. App. 533, 539, 634 S.E.2d 589, 590 (2006)). Accordingly, "'pure expression[s] of opinion'" and '[r]hetorical hyperbole' [do] not qualify as predicate statements in a defamation analysis because either an actual fact would not be asserted or 'a reasonable reader or listener would not construe that assertion seriously.'" *Id.* (internal citation omitted). "It is a prerequisite to any defamation claim that the alleged defamatory statement can reasonably be viewed as stating an actual fact, rather than a subjective opinion, about the plaintiff." *Starr v. Satya*

16

*Tiwari, Surya, Inc.*, No. 1:18CV219, 2019 WL 955003, at *9 (M.D.N.C. Feb. 27, 2019) (citing *Daniels,* 179 N.C. App. at 539, 634 S.E.2d at 590).

Plaintiff alleges the Individual Defendants incorrectly assessed and were critical of his work performance, amounting to defamation. This alleges nothing more than a supervisor's subjective opinion of Plaintiff's performance and areas for improvement. This cannot and should not support a defamation claim. Performance assessments and performance evaluations are based entirely on the personal opinions of individual managers. As with all opinions, there may be alternative views — meaning the Plaintiff may have a different opinion of his performance. He has clearly stated this in his EEOC charges and this lawsuit. This difference of opinion is nothing more than that. It does not and cannot support a finding of defamation as a matter of law. Otherwise, any employee appraisal at any company could constitute grounds for a defamation lawsuit.

### ii. No Third Party Publication Exists.

A plaintiff must allege "the ***third party*** to whom the statements were made, as well as the time and place of the communication." *Esancy v. Quinn*, No. 5:05cv26, 2006 WL 322607, at 5 (W.D.N.C. Feb. 10, 2006). Intra-company statements are not "published" to a third party under North Carolina defamation law. *See Reikowski v. Int'l Innovation Co. USA, Inc.*, 2013 WL 526489, *3 (W.D.N.C. 2013) (granting employer's motion to dismiss where complaint alleged communication of allegedly defamatory statement only between employees of a single employer). "In the employment context, agents and employees of a single employer are not considered third persons to the employer or each other. Therefore, no publication occurs when statements are only communicated between officers,

17

employees, and agents of a single employer." *Id.* Because Plaintiff alleges that the statements were placed in his performance review (an internal document) or made to "others in the workplace" these statements were not published to any third-party as a matter of law.

All of the statements that Plaintiff claims were defamatory were made only internally within TGCS, as part of usual and customary business communications, performance evaluations, and improvement plans. None of these internal statements provide support for a defamation claim.

The defamation claim should be dismissed as a matter of law because: (i) there is no publication to a third party; (ii) the allegations do not include all required elements; (iii) the alleged statements constitute good faith, honest subjective opinions; and (iv) many of the alleged statements were made more than the one year statute of limitations allows for recovery.

### iii. Statements to the EEOC are privileged.

Statements made in a judicial or quasi-judicial context do not support a civil action for defamation or libel in North Carolina. *Gibson v. Mutual Life Ins. Co. of New York*, 121 N.C. App. 284, 290-91, 465 S.E.2d 56, 60-61 (1996). This privilege is absolute. *McManaway v. LDS Family Servs.,* 208 N.C. App. 569 (table), 2010 WL 5420148, at *12-13 (N.C. Ct. App. Dec. 21, 2010) (explaining North Carolina courts recognize an **absolute** privilege for relevant statements made in the course of judicial proceedings against **all** civil claims based on statements which [plaintiff] claims are false, fraudulent, or misleading."). EEOC investigations fit squarely within this privileged protection. *Lewis v. Durham*

18

*Wellness & Fitness, Inc.*, No. 1:17CV217, 2017 WL 4124278, at *2 (M.D.N.C. Sept. 15, 2017), report and recommendation adopted, No. 1:17-CV-217, 2017 WL 4534789 (M.D.N.C. Oct. 10, 2017); *Edwards v. Parrish Tire Co.*, 1:18CV811, 5 (M.D.N.C. Sep. 6, 2019) (explaining that EEOC investigations are quasi-judicial proceedings to which the absolute privilege attaches and finding the defendant's statements to the EEOC to be privileged).

Plaintiff's alleged defamatory statements all fail to support liability because they are either (1) barred by the statute of limitations, (2) fail to assert the essential elements of a defamation claim, or (3) are otherwise absolutely privileged.

## V. Plaintiff's Alleged Fraud Claims Should be Dismissed as a Matter of Law.

Plaintiff alleges (1) fraudulent misrepresentation and (2) fraudulent concealment in his Complaint against the Individual Defendants. Under either theory, Plaintiff fails to sufficiently plead the essential elements of both claims with particularity. *Jolly,* 400 F. Supp. 2d at 864 (M.D.N.C. 2005) (holding a plaintiff must meet the heightened pleading standard articulated in Fed. R. Civ. P. 9(b) by pleading with particularity the "time, place, and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby."); *see also Learning Works, Inc. v. The Learning Annex, Inc.,* 830 F.2d 541, 546 (4th Cir.1987) (holding that a plaintiff must plead with particularity reasonable, detrimental reliance upon a misrepresentation when alleging fraudulent omission [or concealment] claims in accordance with Fed. R. Civ. P. 9(b)).

To state an actionable claim of fraud under North Carolina law, the plaintiff must allege the following essential elements: (1) a false representation or concealment of a

19

material fact, (2) that was reasonably calculated to deceive, (3) which was made with the intent to deceive, (4) that did in fact deceive, and (5) resulted in damage. *Hill v. Equifax Info. Servs., LLC,* No. 1:11CV107, 2014 WL 12955582, at *4 (M.D.N.C. Sept. 11, 2014).

In addition to the same elements above, in a fraudulent concealment claim the Plaintiff must also allege all or some of the defendants had a duty to disclose material information to him because silence is fraudulent only when there is a ***duty*** to speak. *Marlen C. Robb & Son Boatyard & Marina, Inc. v. Vessel Bristol*, 893 F. Supp. 526, 542 (E.D.N.C.1994).

Plaintiff fails to allege facts establishing any of these required elements. Instead, Plaintiff relies on self-serving and unsupported claims that his supervisor's actions (with which he disagrees) amount to "fraud."

## VI. <u>Plaintiff's Civil Conspiracy Claim Fails as a Matter of Law.</u>

A civil conspiracy is "an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way that results in damages to the claimant." *Jackson v. Blue Dolphin Communications of N.C.*, L.L.C., 226 F. Supp. 2d 785, 791 (W.D.N.C. 2002) (citation omitted).

### A. <u>Plaintiff Alleges no Unlawful Act.</u>

It is well-established in North Carolina that "there is no independent cause of action for [common law] civil conspiracy; the claim can arise only where there is an underlying claim for unlawful conduct." *Nance v. City of Albemarle, N. Carolina*, 520 F. Supp. 3d 758, 801 (M.D.N.C. 2021) (internal citations omitted). The plaintiff's claim should be

20

dismissed on this basis alone because the Plaintiff has not provided any support for the existence of an underlying unlawful conduct.

> B. Intracorporate Immunity Precludes Recovery.

When the alleged conspiracy is based on acts taken by a corporation or by employees *within* a corporation, North Carolina courts and the Fourth Circuit Court of Appeals agree that "under the intracorporate immunity doctrine, acts of corporate agents are acts of the corporation itself, and corporate employees cannot conspire with each other or with the corporation." *ePlus Tech. Inc. v. Aboud*, 313 F.3d 166, 179 (4th Cir. 2002); *see, e.g., Seguro-Suarez ex rel Connette v. Key Risk Ins. Co.*, 261 N.C. App. 200, 819 S.E.2d 741, 754-55 (N.C. Ct. App. 2018). Because all acts alleged by the Plaintiff to support his conspiracy claim are acts of corporate agents for TGCS itself, no conspiracy can exist under the law. Thus, Plaintiff's conspiracy claim should be dismissed.

## VII. There is no Cause of Action for "Supervisory Liability."

Plaintiff's final allegation asserts "supervisory liability" based on the employment discrimination claims. (D.E. 1, ¶ 641). The undersigned is not aware of any such theory of recovery under the applicable law. Moreover, the Individual Defendants cannot be held liable under Title VII because they do not fit within the definition of an employer under the statute. *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510-11 (4th Cir. 1994). Accordingly, this claim should be dismissed.

## CONCLUSION

For the foregoing reasons, TGCS and the Individual Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety with prejudice pursuant to Rule 12(b)(6).

Respectfully submitted this the 26th day of February, 2025.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: /s/ Tatiana M. Terry
Robert A. Sar (N.C. Bar No. 22306)
Tatiana M. Terry (N.C. Bar No. 55194)
8529 Six Forks Road, Suite 600
Raleigh, NC 27615
Telephone: 919.787.9700
Facsimile: 919.783.9412
Bob.Sar@ogletree.com
Tatiana.Terry@ogletree.com

*Attorneys for Defendants*

Toshiba Global Commerce Solutions, Inc.
Kenneth B. Hammer
Senior Vice President and Chief Legal Officer
Kenneth B. Hammer (N.C. Bar No. 22649)
3901 South Miami Boulevard, Suite R1C14
Durham, NC 27703

22

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:24-cv-01084-UA-JEP

| | |
|---|---|
| CASIM NOBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOSHIBA GLOBAL COMMERCE | ) **WORD COUNT CERTIFICATION** |
| SOLUTIONS, INC., STEVEN MENSCH, | ) |
| JAMES FORNABAIO, MICHAEL | ) |
| GLENDENNING, SCOTT ENKE, | ) |
| PATRICK TARRY, AMANDA | ) |
| STEVENS, and BOB HUNSINGER, | ) |
| | ) |
| Defendants. | ) |

The undersigned hereby certifies that this **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** does not exceed 6,250 words and contains 5,560 words based on the word count generated by word processing software pursuant to Local Civil Rule 7.3(d).

Respectfully submitted this 26th day of February, 2025

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: /s/ Tatiana M. Terry
Robert A. Sar (N.C. Bar No. 22306)
Tatiana M. Terry (N.C. Bar No. 55194)
8529 Six Forks Road, Suite 600
Raleigh, NC  27615
Telephone:  919.787.9700
Facsimile:  919.783.9412
Bob.Sar@ogletree.com
Tatiana.Terry@ogletree.com
*Attorneys for Defendants*

23

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:24-cv-01084-UA-JEP

| | | |
|---|---|---|
| CASIM NOBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOSHIBA GLOBAL COMMERCE | ) | **CERTIFICATE OF SERVICE** |
| SOLUTIONS, INC., STEVEN | ) | |
| MENSCH, JAMES FORNABAIO, | ) | |
| MICHAEL GLENDENNING, SCOTT | ) | |
| ENKE, PATRICK TARRY, AMANDA | ) | |
| STEVENS, and BOB HUNSINGER, | ) | |
| | ) | |
| Defendants. | ) | |

I hereby certify that on February 26, 2025, I electronically filed the foregoing

document with the Clerk of Court using the CM/ECF system and that the undersigned

has served the foregoing upon all parties to this cause in accordance with the Federal

Rules of Civil Procedure by depositing a copy thereof, via First Class mail, postage

paid in the United States mail, addressed to:

        Casim Noble
        3116 Genlee Drive
        Durham, NC 27704
        Cnoble1222@yahoo.com

        *Pro Se Plaintiff*

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        By: /s/ Tatiana M. Terry
        Robert A. Sar (N.C. Bar No. 22306)

24

Tatiana M. Terry (N.C. Bar No. 55194)
8529 Six Forks Road, Suite 600
Raleigh, NC  27615
Telephone:  919.787.9700
Facsimile:  919.783.9412
Bob.Sar@ogletree.com
Tatiana.Terry@ogletree.com
*Attorneys for Defendants*

25