# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CASE NO. 1:24-cv-01084-UA-JEP

| | |
|---|---|
| CASIM NOBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| TOSHIBA GLOBAL COMMERCE | ) |
| SOLUTIONS, INC., STEVEN MENSCH, | ) |
| JAMES FORNABAIO, MICHAEL | ) |
| GLENDENNING, SCOTT ENKE, | ) |
| PATRICK TARRY, AMANDA | ) |
| STEVENS, and BOB HUNSINGER, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Defendants Toshiba Global Commerce Solutions, Inc., Steven Mensch, James Fornabaio, Michael Glendenning, Scott Enke, Patrick Tarry, Amanda Stevens, and Bob Hunsinger (collectively "Defendants"), under Local Rule 7.2(a) and 7.3(h), file this Reply Memorandum in further support of Defendants' Motion to Dismiss (D.E. 16) the Complaint (D.E. 1) filed by Plaintiff Casim Noble ("Plaintiff").

## ARGUMENT

The arguments made by Plaintiff in "Plaintiff's Memorandum in Response to Motion to Dismiss" ("Response") (D.E. 21) fail to demonstrate why any of his alleged claims should survive dismissal. Defendants hereby address the specific grounds cited in Plaintiff's Response to Defendants' Motion to Dismiss, as follows:

1

## I. PLAINTIFF HAS ABANDONED HIS N.C.G.S. § 143-422.2 CLAIM.

Plaintiff does not respond substantively to Defendants' argument that the Complaint fails to plead sufficiently any purported claim under N.C.G.S. § 143. (D.E. 17, p. 15). Because Plaintiff does not respond to these arguments, the applicable law is clear that Plaintiff has effectively abandoned this claim, and it should be dismissed. *Kennedy v. Rowe,* No. 5:23-CV-264-D, 2024 WL 2703016, at \*7 (E.D.N.C. May 24, 2024) (citing *Sawyers v. United Parcel Serv., Inc.*, No. 1:18CV1037, 2019 WL 4305771, at \*3 (M.D.N.C. Sept. 11, 2019) (stating "failing to respond to an argument constitutes an abandonment of a claim" and dismissing the plaintiff's retaliation claims as abandoned).

## II. PLAINTIFF CANNOT USE HIS RESPONSE TO DEFENDANTS' MOTION TO AMEND HIS COMPLAINT.

Plaintiff seeks to use his Response to raise new claims and allegations that are wholly absent from his Complaint. Plaintiff's attempt to amend his complaint is improper. *See, e.g., Beck v. City of Durham*, 129 F.Supp.2d 844, 855 (M.D.N.C. 2000) ("Because the Court's consideration of Defendants' Motions to Dismiss is limited to the allegations stated in the Complaint, Plaintiff cannot attempt to create claims for retaliation and constructive discharge in his response to Defendants' Motions to Dismiss.") (citing *Randall v. U.S.*, 30 F.3d 518, 522 (4th Cir. 1994)); *Katz v. Odin, Feldman & Pittleman*, *P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (explaining it is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).

Courts hold this to be true even in light of Plaintiff's *pro se* status. *See Henthorn v. Dept. of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994) ("To require that trial courts accept as

2

true factual allegations made in legal memoranda, which form no part of the official record…would be to stretch Rule 12(b)(6) far beyond even the generous pleading standards that we apply to *pro se* plaintiffs.").

In his Response, Plaintiff dedicates several pages to new factual allegations, never mentioned in the Complaint. For example, the Response raises the following allegations for the first time:

- Plaintiff's Great-Grandfather's Native American ancestry should excuse his failure to allege discrimination based on this protected class in his Equal Employment Opportunity Commission ("EEOC") Charge because he is "no different from many Black Americans." (D.E. 21, pp. 1-3).

- Plaintiff met his employer's legitimate expectations "as reflected by +$4,000,000, as well as over 60 data models and projects Plaintiff has contributed to Toshiba." (D.E. 21, p. 3).

- "All of [the White employees] have [the] same or similar work history as Plaintiff." (D.E. 21, p. 5).

- "False representations were then provided and communicated to other decision-making personnel…Decisions were then made about Plaintiff and his future with the company based on these false representations…." (D.E. 21, p. 18).

- Affirmation of Darryl King (D.E. 21-1).

- Affirmation in Support of Plaintiff's Response to Motion to Dismiss (D.E. 21-2).

Plaintiff is not permitted to use his Response to Defendants' Motion to Dismiss to add substantive allegations to his Complaint, and these new allegations should not be considered when ruling on Defendants' motion.[1]

### III. PLAINTIFF'S RESPONSE REINFORCES PLAINTIFF'S FAILURE TO EXHAUST REQUIRED ADMINISTRATIVE REMEDIES UNDER TITLE VII.

A. Plaintiff's 1st EEOC Charge and Unexhausted Claims are Barred.

Plaintiff argues that his unexhausted Title VII claims were fully exhausted because they were "explicitly referenced and incorporated during the EEOC proceeding." (D.E. 21, p. 15). Plaintiff further argues that his January 18, 2024 EEOC Charge should relate back to his September 11, 2023 EEOC Charge. (D.E. 21, p. 14). Each of these arguments misses the mark because (1) Plaintiff failed to timely initiate a lawsuit after the EEOC dismissed his September 11, 2023 Charge, (2) all allegations related to conduct prior to July 22, 2023 are statutorily time-barred, (3) all allegations related to conduct after May 6, 2024 and alleged discrimination based on Plaintiff's Native American heritage were never presented to the EEOC before filing this lawsuit. (D.E. 17, pp. 7-11). Accordingly, Plaintiff's unexhausted claims are procedurally barred and should be dismissed. *Id.*

B. Plaintiff's Title VII Claims Based on Alleged Conduct that Occurred Before July 22, 2023 Are Not Spared by the Continuing Violation Doctrine.

While Plaintiff's Response implicitly admits that his claims alleging conduct before July 22, 2023, are untimely, he contends that under *Williams v. Blue Cross Blue Shield of*

---

[1] If the Court permits further amendment to the Complaint, Defendants reserve the right to challenge the allegations with a new Motion to Dismiss.

*N.C.*, 357 N.C. 170 (2003), such a failure is excused under North Carolina's "continuing wrong doctrine." (D.E. 21 pp. 14- 15). However, *Williams* does not apply to the Plaintiff's Title VII claims in this case. *Williams* concerned employment violations under North Carolina law and a municipal antidiscrimination ordinance. *Id.* at 173. Because Plaintiff's Complaint alleges Title VII claims under federal law and not state or local law like *Williams*, Plaintiff's reliance on this case is misplaced. *Carolina Coupon Clearing, Inc. v. Cardinal Health Managed Care Servs., LLC*, No. 1:16CV412, 2018 WL 11424682, at \*2 (M.D.N.C. Aug. 3, 2018) (holding federal common law governs claims where a federal court has jurisdiction pursuant to 28 USC § 1331 (like here)).

Plaintiff further asserts that under *Rodrigue v. Olin Emp. Credit Union*, 406 F.3d 434 (7th Cir. 2005), his filing failures should be excused if "it can be difficult for the plaintiff to discern at any particular point during that time the wrongful and injurious nature of the defendant's conduct." (D.E. 21, p. 15). *Rodrigue* did not address the exhaustion of administrative remedies under Title VII, but instead applied a state savings statute to toll the statute of limitations in a civil tort claim. *Rodrigue* at 444-445. The continuing wrong doctrine or any other state savings statute is inapplicable to Plaintiff's federal Title VII claims. *Mann v. Standard Motor Prods., Inc.*, 532 F. App'x 417, 418 (4th Cir. 2013) (citing *Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles Cnty., Inc.,* 977 F.2d 1224, 1227 (8th Cir. 1992) (holding "state tolling and savings provisions do not apply when Congress has provided a federal statute of limitations for a federal claim.").

Notwithstanding the flawed application of *Williams* and *Rodrigue*, Plaintiff seemingly attempts to argue that his Title VII claims are not time-barred because of the federal continuing violation doctrine. However, this doctrine is inapplicable to this case.

The "continuing violation" doctrine applies to a hostile work environment claim, not claims based on discrete acts, like those alleged by the Plaintiff. "The continuing violation theory allows for consideration of incidents that occurred outside the time bar…when the incidents make up part of a hostile work environment claim." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (citation omitted); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (holding "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").

Because Plaintiff's untimely Title VII claims allege discrete, discriminatory acts unrelated to any alleged hostile work environment, the continuing violation doctrine does not apply and cannot save Plaintiff's untimely Title VII claims. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 429 (4th Cir. 2004) ("Because failure to promote is a discrete act of discrimination . . . the continuing violation doctrine does not apply here and cannot save Williams's untimely claims."); *Tripp v. County of Gates*, No. 2:16-cv-00023, 2017 WL 3528653, *6 (E.D.N.C. Aug. 16, 2017) (holding, at the 12(b)(6) stage, that the "continuing violation doctrine," to the extent it applies to Title VII claims, applies only to "hostile work environment claims, not, as here, as an effort to revive time-barred discrete acts.") (citation omitted). Thus, Plaintiff's untimely claims *must* be dismissed. (D.E. 17, pp. 7-11).

6

## IV. PLAINTIFF'S RESPONSE FURTHER DEMONSTRATES THAT PLAINTIFF HAS NO SUBSTANTIVE CLAIM UNDER TITLE VII OR SECTION 1981.

### A. Plaintiff's Response fails to rebut the authorities cited by Defendants, establishing that Plaintiff did not suffer any adverse employment action.

As stated in Defendants' Memorandum in Support of Defendants' Motion to Dismiss ("Opening Memorandum"), none of the frustrations alleged in Plaintiff's laundry list of complaints could possibly constitute an adverse employment action that caused a *disadvantageous change* in Plaintiff's employment terms or conditions. *Muldrow v. City of St. Louis, Missouri,* 601 U.S. 346, 354, 144 S.Ct. 967, 974 (2024) (holding a plaintiff must allege an adverse action that pleads "some injury respecting her employment terms or conditions ... that left her **worse off….**").

Plaintiff's vague allegations of wrongdoing do not meet this standard. (D.E. 17, pp. 12-15). The same is true of positions or promotions Plaintiff claims he did not receive when plaintiff has not alleged that the failure to receive those positions or promotions is linked to any protected activity or characteristic. (D.E. 1, pp. 4-6); *see, McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 586 (4th Cir. 2015) (affirming dismissal of Title VII discrimination claims where Plaintiff alleged only discrepancies in treatment compared to co-workers but did not plead sufficient facts to tie the discrimination to her race and sex) (citation omitted).

Plaintiff heavily relies on *Howze v. Va. Polytechnic*, 901 F.Supp. 1091 (4th Cir. 2006), to support his assertion that a "false performance evaluation" impacting the

7

plaintiff's reputation sufficiently alleges an adverse action. (D.E. 21, p. 6). However, *Howze* predates *Muldrow*, the controlling authority in this analysis.

In sharp contrast to the plaintiff in *Muldrow,* Plaintiff cannot identify *any* harm to the terms and conditions of his employment. Muldrow was moved from a position "in a prestigious specialized division giving her substantial responsibility" to a position "in which she ... primarily performed administrative work." *Id.* at 359. Unlike Plaintiff here— who remained in the exact same position with the same responsibilities, schedule, perks, and *more* pay—Muldrow was demoted. *Id.* The Supreme Court also emphasized in *Muldrow* that, on its face, an adverse employment action pertains to "hiring, or firing, or compensation, or ... altering terms or conditions through a transfer." *Id.* at 356. Plaintiff does not and cannot allege any such actions adversely impacted the terms or conditions of his employment. (D.E. 17, pp. 11-15).

Moreover, Plaintiff's reliance on *Allen v. Napolitano*, 774 F.Supp.2d 186 (D.D.C. 2011), to support his contention that he sufficiently alleged a materially adverse action is erroneous. *See Mann v. Winston-Salem State Univ.,* No. 1:14CV1054, 2017 WL 3130324, at *11 (M.D.N.C. July 21, 2017) (dismissing plaintiff's retaliation claim because concern over her professional reputation failed to constitute an "adverse employment action."). Moreover, the *Allen* court dismissed the plaintiff's retaliation claims based on an alleged lack of recognition and missed training opportunities, just as the Plaintiff repeatedly claims here. *Allen*, 774 F. Supp. at 206; *see also Alexander v. City of Greensboro*, No. 1:09-CV-00293, 2013 WL 6687237, at *21 (M.D.N.C. Dec. 18, 2013) (holding exclusion from employment meetings failed to show altering of plaintiff's working conditions under Title

8

VII hostile work environment claim). Accordingly, Plaintiff's Title VII and Section 1981 claims should be dismissed.

**V.** **PLAINTIFF'S RESPONSE VERIFIES NO ACTIONABLE CLAIM FOR FRAUD, DEFAMATION, CIVIL CONSPIRACY, OR OBSTRUCTION.**

A. Plaintiff's Response fails to rebut the authorities cited by Defendants, establishing Plaintiff failed to sufficiently plead a fraud claim.

Plaintiff contends that his fraud claim can be maintained because the Defendants had a fiduciary relationship of trust and confidence with the Plaintiff. (D.E. 21, p. 16). Plaintiff specifically argues that the alleged fraud occurred when (1) he received disciplinary violations, (2) allegedly false statements were placed in Plaintiff's work performance assessment, and (3) Defendants did not provide documentation to the EEOC. (D.E. 21, pp. 15-17). None of these allegations can support a fraud claim as a matter of law.

It is well-established in North Carolina that the relationship between employer and employee does not give rise to fiduciary duties. *Knudson v. Lenovo (United States) Inc.,* 291 N.C. App. 134, 892 S.E.2d 926 (2023) (holding "'the relation of employer and employee is not one of those regarded as confidential.'"); *Reichhold Chems., Inc. v. Goel,* 146 N.C. App. 137, 155, 555 S.E.2d 281, 292 (2001) (holding "a fiduciary relationship will generally not be found in the workplace."). Thus, Plaintiff's fraud claims based on his employment with Defendants cannot serve as the basis for a fraud claim because these actions arose during Plaintiff's employment relationship with the Defendants.

Moreover, any statements made [or withheld] during the course of an EEOC proceeding are absolutely privileged and undermine Plaintiff's claim that Defendants'

9

failure to provide documentation to the EEOC constitutes fraud. *See Edwards v. Parrish Tire Co.,* No. 1:18CV811, 2019 WL 4246671, at *3 (M.D.N.C. Sept. 6, 2019) (holding "North Carolina courts recognize an absolute privilege for relevant statements made in the course of judicial proceedings against **all civil claims**…'based upon statements which [plaintiff] claims are false, fraudulent, or misleading.'") (citation omitted). Thus, based on Plaintiff's argument, his civil fraud claims must fail as a matter of law.

B. <u>Plaintiff's Response affirms Plaintiff's Defamation Claim is barred as a matter of law.</u>

Plaintiff's newly raised workplace defamation allegation, which is improper as discussed in Section II above, is still insufficient to support a claim of defamation. First, Plaintiff cannot establish the essential element of publication for the reasons outlined in Defendants' Opening Memorandum. (D.E. 17, pp. 15-18). Second, any statement made to the EEOC is absolutely privileged. *Howard v. Food Lion, Inc.,* 232 F.Supp.2d 585, 598–99 (M.D.N.C. 2002) (dismissing a defamation claim based on a statement made to employment administrative agency); *see also* (D.E. 17, pp. 18-19). Thus, Plaintiff's defamation claim fails as a matter of law.

C. <u>Plaintiff's Response Continues to Assert an Impossible Civil Conspiracy Claim.</u>

Plaintiff relies on *Garlock v. Hilliard,* No. 00-CVS-1018, 2000 WL 33914616 (N.C. Super. Aug. 22, 2000) to support his argument that the "personal stake exception" to the doctrine of intra-corporate immunity should apply in this case.

The Fourth Circuit recognized in *Oksanen v. Page Memorial Hospital*, 945 F.2d 696, 705 (4th Cir.1991), cert. denied 502 U.S. 1074 (1992), that, "[s]ince *Greenville* was

10

decided…[the personal stake] exception has expanded and in the process has been criticized for, among other things, becoming an exception that threatens to swallow the rule." The Court therefore declined to extend the personal stake exception "beyond the rationale underlying the *Greenville* decision." *Id.*

The reasoning in *Oksanen* was subsequently adopted by this Court in *Turner v. Randolph County*, 912 F. Supp. 182 (M.D.N.C. 1995). In *Turner,* the court observed "the *Oksanen* court held that the personal stake exception required that there be a personal financial stake involved." *Id.* at 186 (holding the personal stake exception does not include bad faith or personal motives (citation omitted); *see also ePlus Technology, Inc. v. Aboud*, 313 F.3d 166, 179 (2002) (recognizing that the personal stake exception applies **only** "where a co-conspirator possesses a personal stake independent of his relationship to the corporation.") (citation omitted).

Not only is Plaintiff's expansive application of the personal stake exception conclusory, but it is also notably inconsistent with *Oksanen* and its progeny addressing the personal stake exception. The Plaintiff's Complaint fails to allege how any defendant had any personal stake independent of their relationship to the corporation when providing Plaintiff with performance assessments and responding to the Plaintiff's EEOC complaints on behalf of the corporation. *See* generally (D.E. 1). Thus, Plaintiff's civil conspiracy claim must fail because the personal stake exception is inapplicable and the intracorporate immunity doctrine precludes recovery. (D.E. 17, p. 21); *see also Young v. Carter*, No. 5:19-CV-218-FL, 2020 WL 525930 at * 7 (E.D.N.C. Jan. 31, 2020).

11

D. <u>Plaintiff's Response Confirms the Plaintiff Cannot Maintain a Claim for Obstruction.</u>

Plaintiff alleges (improperly for the first time in his Response) an obstruction of justice claim for (1) false misrepresentations in Plaintiff's performance assessment and (2) Defendants' failure to disclose information to the EEOC. (D.E. 21, pp. 18-19). Neither allegation can support an obstruction claim.

First, Plaintiff fails to allege what "public or legal justice" was obstructed by the alleged false misrepresentations. While Plaintiff correctly points out that North Carolina courts have recognized obstruction of justice claims where the defendants attempted, but did not succeed in preventing a plaintiff from obtaining a legal remedy, all of those cases involve situations where the defendants *would* have obstructed the judicial process if their efforts had succeeded.

For example, had the defendant in *Kivett* succeeded in his attempt to prevent a grand jury from convening, then the grand jury would not have issued an indictment against him. *In re Kivett*, 309 N.C. 635, 670, 309 S.E.2d 442, 462 (1983). Additionally, in *Blackburn v. Carbone*, 208 N.C. App. 519, 529-30, 703 S.E.2d 788, 796-97 (2010), the court refused to recognize an obstruction of justice claim because the Plaintiff failed to allege the claimed false statements in a report actually hindered the prosecution of his case.

Here, even if Defendants had placed false statements in the Plaintiff's performance assessment or made false statements to the EEOC (which it did not), its conduct did not prevent the Plaintiff from seeking or obtaining a legal remedy. To the contrary, Plaintiff painstakingly details in his Complaint his disagreement with the statements in his

12

performance assessment, which led to an EEOC investigation where the Plaintiff received a right-to-sue letter. (D.E. 1; D.E. 17, pp 1-6). Plaintiff's ability to pursue his claims was not obstructed in the slightest – fatal to his claim. Furthermore, statements to the EEOC are absolutely privileged against obstruction of justice claims. *Edwards*, No. 1:18CV811, 2019 WL 4246671, at *4 (M.D.N.C. Sept. 6, 2019). Thus, Plaintiff's purported obstruction claim is barred as a matter of law.

E. <u>Plaintiff's Response abandons claims against Individual Defendants whom he does present an argument against for all North Carolina tort claims.</u>

Plaintiff's Response omits Bob Hunsinger and Scott Enke from any argument to support his alleged North Carolina tort claims. For the reasons noted *supra*, Plaintiff has abandoned any claims against both of the aforementioned defendants.

## CONCLUSION

Based on the foregoing and the arguments made, Defendants respectfully move the court to dismiss Plaintiff's Complaint in this action with prejudice.

Respectfully submitted this the 14th day of April, 2025.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: /s/ Tatiana M. Terry
Robert A. Sar (N.C. Bar No. 22306)
Tatiana M. Terry (N.C. Bar No. 55194)
8529 Six Forks Road, Suite 600
Raleigh, NC 27615
Telephone: 919.787.9700
Facsimile: 919.783.9412
Bob.Sar@ogletree.com
Tatiana.Terry@ogletree.com
*Attorneys for Defendants*

13

Toshiba Global Commerce Solutions, Inc.
Kenneth B. Hammer
Senior Vice President and Chief Legal Officer
Kenneth B. Hammer (N.C. Bar No. 22649)
3901 South Miami Boulevard, Suite R1C14
Durham, NC 27703

14

## WORD COUNT CERTIFICATION

I certify that the foregoing **DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** contains no more than 3,125 words as counted by the word count feature of Microsoft Word, and thereby complies with Local Rules 7.3(d).

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: /s/ Tatiana M. Terry
Robert A. Sar (N.C. Bar No. 22306)
Tatiana M. Terry (N.C. Bar No. 55194)
8529 Six Forks Road, Suite 600
Raleigh, NC 27615
Telephone: 919.787.9700
Facsimile: 919.783.9412
Bob.Sar@ogletree.com
Tatiana.Terry@ogletree.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:24-cv-01084-UA-JEP

| | |
|---|---|
| CASIM NOBLE,<br><br>        Plaintiff,<br><br>v.<br><br>TOSHIBA GLOBAL COMMERCE SOLUTIONS, INC., STEVEN MENSCH, JAMES FORNABAIO, MICHAEL GLENDENNING, SCOTT ENKE, PATRICK TARRY, AMANDA STEVENS, and BOB HUNSINGER,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **CERTIFICATE OF SERVICE** |

I hereby certify that on April 14, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that the undersigned has served the foregoing upon all parties to this cause in accordance with the Federal Rules of Civil Procedure by depositing a copy thereof, via First Class mail, postage paid in the United States mail, addressed to:

> Casim Noble
> 3116 Genlee Drive
> Durham, NC 27704
> Cnoble1222@yahoo.com
> *Pro Se Plaintiff*

> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>
> By: /s/ Tatiana M. Terry
> Robert A. Sar (N.C. Bar No. 22306)
> Tatiana M. Terry (N.C. Bar No. 55194)
> 8529 Six Forks Road, Suite 600
> Raleigh, NC 27615
> Telephone: 919.787.9700
> Facsimile: 919.783.9412
> Bob.Sar@ogletree.com

16

Tatiana.Terry@ogletree.com
*Attorneys for Defendants*

17